# COURT OF APPEALS OF VIRGINIA

### Record No. 2077-24-1

BEN ROLAND MCMURTRAY

v.

COMMONWEALTH OF VIRGINIA

Present: Judges Ortiz, Chaney and Frucci

Argued at Virginia Beach, Virginia

Opinion Issued July 14, 2026[*]

## FROM THE CIRCUIT COURT OF MATHEWS COUNTY
Jeffrey W. Shaw, Judge

Charles E. Haden for appellant.

C. David Sands, III, Senior Assistant Attorney General (Jason S. Miyares,[1] Attorney General, Angelique Rogers, Assistant Attorney General, on brief), for appellee.

## MEMORANDUM OPINION BY
## JUDGE VERNIDA R. CHANEY

Ben Roland McMurtray appeals his conviction, following a bench trial, for assault and battery of a law enforcement officer. McMurtray argues that the evidence was insufficient to support his conviction. This Court disagrees and affirms the circuit court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

BACKGROUND[2]

On June 5, 2023, Mathews County Sheriff's Sergeants Berry and Croxton were dispatched to conduct a welfare check on McMurtray.[3] The sergeants wore their law enforcement uniforms, displayed badges of authority, and drove separate patrol vehicles. They spotted McMurtray in a driveway between two houses near a park.

When Croxton parked on the driveway and opened his door, McMurtray pulled a steak knife out of his right pants pocket. Only the vehicle's door separated Croxton from McMurtray. Concerned for his safety, Croxton drew his firearm. McMurtray then fled behind the house, disregarding Croxton's orders to stop. Croxton followed but could not locate him.

Berry soon arrived, and she and Croxton saw McMurtray dash from the houses toward the park. Sheriff Edwards also arrived in her unmarked police car with emergency lights activated. She saw McMurtray walking toward her vehicle while Berry and Croxton were about a quarter mile down the road. Edwards wore her law enforcement badge in plain view.

Edwards parked her vehicle, approached McMurtray on foot, and asked him what was happening. He immediately brandished the steak knife, "point[ed] it at [her]," and told her to stay away. R. 119-20. Edwards drew her firearm and ordered him to drop the knife several times. McMurtray stood within 10 feet of Edwards during their exchange. Based on his demeanor, Edwards felt that McMurtray would have used the knife if she had moved closer.

---

[2] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

[3] The record does not establish who called for the welfare check or for what reason. The officers testified, however, that they spoke with McMurtray's grandfather before the encounter. R. 81, 97.

Berry testified that she feared for Edwards's safety, prompting her to run toward Edwards. When Croxton and Berry ran toward them, McMurtray dashed into a field still holding the knife. A nearby civilian[4] asked McMurtray to stop and told him it was not "worth it." R. 121. By the time Edwards caught up, McMurtray had dropped his knife on the ground and was hugging the civilian.

The officers arrested McMurtray and found a wrench in his pocket. McMurtray was charged with assault and battery of a law enforcement officer, two counts of carrying a concealed weapon, and fleeing law enforcement. At the bench trial, the Commonwealth introduced the steak knife and wrench into evidence, along with the testimony outlined above.

After the Commonwealth rested, McMurtray moved to strike, arguing that the evidence failed to prove that he assaulted Edwards or that he knew she was law enforcement. The circuit court denied the motion. McMurtray presented no evidence and renewed his motion to strike. The court overruled the motion and convicted McMurtray of assault on a law enforcement officer.[5]

ANALYSIS

McMurtray argues that the Commonwealth failed to prove that he assaulted Edwards. It is a crime to commit "an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer" who is "engaged in the performance of his public duties anywhere in the Commonwealth." Code § 18.2-57(C). Virginia "has merged the common law crime and tort of assault so that today, a common law assault [punishable as a criminal offense] occurs when either set of elements is proved." *Blankenship v. Commonwealth*, 71 Va. App. 608, 620 (2020) (alteration in original) (quoting *Clark v. Commonwealth*, 54 Va. App. 120, 128 (2009) (en banc)).

---

[4] This civilian is unidentified but throughout the transcript is referred to as "the Good Samaritan." R. 92-96, 98, 115, 121, 123.

[5] The circuit court dismissed the other charges.

> Because we have merged the common law crime and tort of assault, there are three separate ways the Commonwealth can establish the crime of assault and battery under Code § 18.2-57: (1) by proving a battery; (2) by proving common law criminal assault; or (3) by proving common law tortious assault.

*Id.* "Proof sufficient to establish any one of these theories is sufficient to establish the crime of assault and battery." *Id.*

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).[6]

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

---

[6] Some evidence could support an inference that McMurtray was experiencing a mental health crisis during the encounter with law enforcement. Viewed in the light most favorable to the Commonwealth, however, those facts do not render the evidence insufficient to support McMurtray's conviction.

In this case, the evidence supports McMurtray's conviction under the elements necessary to prove common law tortious assault. The Commonwealth showed "that the defendant engaged 'in an overt act intended to place the victim in fear or apprehension of bodily harm,' which did in fact create 'such reasonable fear or apprehension in the victim.'" *Blankenship*, 71 Va. App. at 620 (quoting *Clark*, 54 Va. App. at 128). An overt act is "an attempt or offer, with force and violence, to do some bodily hurt to another." *Id.* at 621 (quoting *Harper v. Commonwealth*, 196 Va. 723, 733 (1955)). Words alone are not an assault, but they are relevant in determining "whether the defendant committed the required overt act with the necessary intent," or "whether the 'fear or apprehension in the victim' was 'reasonable.'" *Id.* (quoting *Clark*, 54 Va. App. at 129).

We conclude that a factfinder could find that the evidence proved McMurtray's assault on a law enforcement officer. Sergeants Berry and Croxton were on duty and in uniform. Although she was in an unmarked patrol car, Sheriff Edwards had her emergency lights activated and displayed her badge of authority. Accordingly, a reasonable factfinder could conclude that McMurtray knew that Berry, Croxton, and Edwards were law enforcement officers.

When Edwards approached McMurtray, he brandished a knife, pointed it at her, and told her to stay away. R. 119-20. While standing within 10 feet of Edwards, McMurtray ignored her repeated instructions to drop the knife. Additionally, Edwards believed that McMurtray intended to harm her with the knife, and he had the capacity to do so. Berry raced to provide backup because she was concerned for Edwards's safety. These facts support a reasonable inference that McMurtray committed an overt act intended to place Edwards in fear of bodily harm.

McMurtray contends that "the Commonwealth's evidence failed to exclude the reasonable hypothesis of innocence that McMurtray did not intend to inflict bodily [harm] on Sheriff Edwards." He argues that this is so because he never got close enough to Edwards to hurt her.

The reasonable hypothesis of innocence principle "merely echoes 'the standard applicable to every criminal case.'" *Vasquez v. Commonwealth*, 291 Va. 232, 250 (2016) (quoting *Cook v. Commonwealth*, 226 Va. 427, 433 (1983)). "[W]hether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on [this Court] unless plainly wrong." *Clark v. Commonwealth*, 78 Va. App. 726, 752 (2023) (alterations in original) (quoting *Maust v. Commonwealth*, 77 Va. App. 687, 700 (2023)). "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004) (alteration in original) (quoting *Miles v. Commonwealth*, 205 Va. 462, 467 (1964)). "By finding the defendant guilty, therefore, the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *Id.* (quoting *United States v. Kemble*, 197 F.2d 316, 320 (3d Cir. 1952)).

Common law tortious assault does not require proof of proximity, as McMurtray contends. The Commonwealth *may* prove an assault "by establishing that the defendant engaged in an overt act intended to inflict bodily harm with the present ability to inflict such harm." *Blankenship*, 71 Va. App. at 620. The Commonwealth, however, can also prove an assault "by establishing that the defendant engaged 'in an overt act *intended to place the victim in fear or apprehension of bodily harm*,' which did in fact create 'such reasonable fear or apprehension in the victim.'" *Id.* (emphasis added) (quoting *Clark*, 54 Va. App. at 128).

The issue before us, then, is not whether a reasonable factfinder could conclude that McMurtray actually intended to use the knife against Edwards. Instead, we review the record to determine whether the factfinder's conclusion that McMurtray intended to place Edwards in *fear* that he would use the knife to cause bodily harm was plainly wrong. In *Blankenship*, we found this

- 6 -

standard met when the defendant, "standing only a few feet from the officers," shook his fists, angrily cursed, and "took a fighting stance" when they attempted to arrest him. *Id.* at 622.

Here, the Commonwealth presented evidence that McMurtray brandished a knife while standing within 10 feet of Edwards, told her to stay away, and disregarded her repeated commands to drop it. R. 119-20. A reasonable factfinder could conclude that McMurtray committed an overt act with the intention of placing Edwards in fear or apprehension of bodily harm, and that such fear was reasonable. On the record before us, the circuit court's rejection of McMurtray's hypothesis was not plainly wrong, so we affirm.

CONCLUSION

For these reasons, this Court affirms the circuit court's judgment.

*Affirmed.*